**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Gevorg Amirkhanyan,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-02073-PHX-JCH (ASB)

**ORDER**

Respondents contend Petitioner is properly detained under § 1225(b)(2)(A), not § 1226(a), and thus "Petitioner has no due process right to release." (Doc. 6 at 4.) Just this month, in *Padilla v. United States Immigration & Customs Enforcement*, No. 24-2801, 2026 WL 2822044 (9th Cir. Sept. 21, 2026), the Ninth Circuit rejected the argument that *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), forecloses all due process rights, beyond those Congress grants by statute, for noncitizens who entered the country unlawfully. The *Padilla* court wrote: "The government's boundless proposition is nowhere to be found in *Thuraissigiam*." *Padilla*, 2026 WL 2822044, at *14. The court then held that the Supreme Court's *Thuraissigiam* decision applies only to noncitizens "at the threshold of initial entry," emphasizing that "[t]he right to due process is conferred, not by legislative grace, but by constitutional guarantee." *Padilla*, 2026 WL 2822044, at *14 (first quoting *Thuraissigiam*, 591 U.S. at 107, then quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)). The court then found that the "entry fiction" doctrine was applied in *Thuraissigiam* to foreclose due process claims regarding

admission to the country—not detention. *Padilla*, 2026 WL 2822044, at *16–19. The court concluded: "Noncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Clause." *Id.* at *19.

In light of *Padilla*, the Court will require Respondents file a supplemental response addressing whether Petitioner is entitled to release or a bond hearing.

Accordingly,

**IT IS ORDERED directing** Respondents file a supplemental response as directed herein no later than **September 30, 2026**. Petitioner may file a supplemental reply no later than **October 7, 2026**.

Dated this 23rd day of September, 2026.

John C. Hinderaker
United States District Judge